# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Civil Action No. 07-cv-02315-LTB

STEWARD SOFTWARE COMPANY, LLC,

    Plaintiff,

v.

RICHARD KOPCHO and HOLONYX, INC., a/d/b/a H3 GROUP, a/d/b/a RUFFDOGS,

    Defendants.
_____

## ORDER
_____

    This intellectual property case is before me on Plaintiff, Steward Software Company, LLC's, Opposed Motion to Remand [**Docket # 20**], Defendants' Response [**Docket # 22**], and Plaintiff's Reply [**Docket # 23**]. This case was originally filed in Larimer County District Court and alleged six Colorado state law causes of action. Defendant removed to this Court on November 2, 2007, claiming federal question jurisdiction under federal copyright law [**Docket # 1**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I GRANT Plaintiff, Steward Software Company, LLC's, Opposed Motion to Remand [**Docket # 20**].

## I. BACKGROUND

    The following facts appear undisputed. Plaintiff created a software application for real estate lenders and entered into an agreement with Defendants to develop the software for

1

commercial use. A dispute arose over the agreement, with both sides alleging the other failed to fulfill their end of the bargain. In July 2007, the parties reached a stalemate, with Plaintiff refusing to make additional payments until the software was brought up to schedule and Defendants refusing to perform additional work until Plaintiff made additional payments. Plaintiff attempted to terminate the agreement, but Defendants refused to turn over the developed software.

Plaintiff filed suit in Larimer County District Court on August 31, 2007, alleging six state law causes of action: replevin, injunctive relief, conversion and theft, breach of contract, breach of fiduciary duty, and declaratory judgment. Defendants filed a response to Plaintiff's replevin claim on September 26, 2007, asserting federal copyright law as a defense. This response provided Plaintiff's first notice that Defendants had copyrighted the disputed software in Defendants' own name(s).

Larimer County District Court Judge Blair held replevin hearings on September 26 and October 1, 2007. Defendants asserted their copyright defense throughout these hearings. Judge Blair invited the parties to submit written closing arguments. In Plaintiff's brief—filed on October 5, 2007—Plaintiff argued that the elements of replevin were met irrespective of whether Defendants had copyrighted the software. Plaintiff clarified that it was not seeking the transfer of the copyrighted work, merely the ability to use the intellectual property of which it was the rightful owner. As Plaintiff was unaware that the software had been copyrighted until the date of the first replevin hearing, Plaintiff reserved the right to pursue action for transfer or cancellation of the copyright in a separate proceeding.

Judge Blair issued a preliminary injunction prohibiting Defendants from moving, destroying, completing, or marketing the software. Subsequent to this adverse ruling, Defendant removed to this Court citing federal question jurisdiction under copyright law.

## II. ANALYSIS

In federal court, the plaintiff is considered the "master of the claim." *Karnes v. Boeing Co.*, 335 F.3d 1189, 1192 (10th Cir. 2003). As such, when—as here—a plaintiff seeks to remand to state court for lack of federal subject matter jurisdiction, the burden is on the defendant to show federal jurisdiction by a preponderance of the evidence. *Id.* at 1194. Moreover, under the well-pleaded complaint rule, a plaintiff may avoid federal jurisdiction entirely by relying exclusively on state law causes of action. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Defendants allege Plaintiff's claims are founded in copyright law. As federal courts have exclusive original jurisdiction over claims that allege a violation of or seek a remedy under the Copyright Act, Defendants argue federal question jurisdiction over this matter is appropriate. 28 U.S.C. § 1338; *Scandinavian Satellite Sys., AS v. Prime TV Ltd.*, 291 F.3d 839, 844 (D.C. Cir. 2002). Where state law claims may be resolved without reference to copyright law, however, federal question jurisdiction does not apply. *Warner Bros. Records, Inc. v. R. A. Ridges Distrib. Co., Inc.*, 475 F.2d 262, 264–64 (10th Cir. 1973). Accordingly, Plaintiff's claim *itself* must raise a federal copyright question "unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Okla. Tax. Comm'n v. Graham*, 489 U.S. 838, 841 (1989) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)); *Warner Bros.*, 475 F.2d at 265.

Defendants—while acknowledging that Plaintiff's complaint alleges no copyright

3

claims—nevertheless argue Plaintiff asserted a copyright question in its closing brief by stating the following: "It is settled law that, notwithstanding 17 U.S.C. § 201, a Court can decree that even a valid copyright and rights under it may be deemed to have been licensed to another party by an oral agreement or such license may be implied by the conduct of the parties." I disagree.

"It is now axiomatic that jurisdiction cannot be predicated upon a defense that raises a federal question, no matter that the issue might prove to be dispositive." *Nielsen v. Archdiocese of Denver*, 413 F. Supp. 2d 1181, 1183 (D. Colo. 2006). While Plaintiff referred to copyright law in response to Defendants' copyright defenses, "not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." *Warner Bros.*, *supra*, 475 F.2d at 265 (citing *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 115 (1939)). I find Defendants' argument that Plaintiff's closing brief asserted a "cutting-edge" copyright claim sufficient to confer federal question jurisdiction too tenuous to merit serious consideration. Defendants, in essence, simply attempt recast their own copyright arguments as those of Plaintiff. Allowing a defendant to remove every state law claim alleging the misappropriation of copyrighted intellectual property would encourage defendants to avoid state law breach of contract, theft, conversion, and other claims by simply beating the plaintiff to the copyright office. Further, requiring removal every time a plaintiff responds to a defendant's copyright defenses would discourage plaintiffs from vigorously pursuing their rights in state court out of fear of summary removal. Defendants cite no authority for their proposed rule and, moreover, ask me to ignore the well-treaded maxim that resolution of jurisdictional questions should discourage forum shopping and avoid inequitable administration of the laws. *See Hanna v. Plumer*, 380 U.S. 460, 468 (1965). This I will not do.

4

I find Defendants' argument that Plaintiff's state law claims are completely preempted by federal copyright law to be likewise unavailing. As the Tenth Circuit recognizes, complete preemption is a doctrine of limited scope that applies only to rights that are "purely a creature of federal law." *Schemling v. NORDAM*, 97 F.3d 1336, 1340 (10th Cir. 1996). With few exceptions, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint." *Caterpillar*, *supra*, 482 U.S. at 393.

While copyright law has not been recognized as such an exception by the Supreme Court—*see Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 13–15 (2003) (Scalia, J., dissenting) (noting the only recognized preemption exceptions to the well-pleaded complaint rule are actions arising under the Labor Management Relations Act and ERISA)—recent cases from other circuit courts hold copyright law to completely preempt state law. *See, e.g., Ritchie v. Williams*, 395 F.3d 283, 286 (6th Cir. 2005); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004). *But see Board of Chosen Freeholders of County of Burlington v. Tombs*, 215 F. App'x 80, 82 (3d Cir. 2006) (holding federal copyright law does not completely preempt state law). The Tenth Circuit—in an unpublished decision—appears to subscribe to the theory that state law causes of action unrelated to copyright law are not preempted merely because a copyrighted work is the subject matter of the suit. *See Okla. Natural Gas Co. v. LaRue*, 1998 WL 568321, at *13 (10th Cir. Sept. 1, 1998).

While I am not inclined to disagree with the Tenth Circuit, it would be of no assistance to Defendants if I were. In order to remove a case to federal court, a defendant must file notice of removal within 30 days of receipt of papers indicating the case was removable. 26 U.S.C. §

5

1446(b).  While not jurisdictional, the 30 day time limitation must be strictly construed.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Smola v. Trumbull Ins. Co.*, 317 F. Supp. 2d 1232, 1233 (D. Colo. 2004).  If complete preemption applied, Defendants would—at the latest—have been able to ascertain this case was removable under copyright law on September 26, 2007—the date they asserted federal copyright law as a defense to Plaintiff's replevin claim.  Defendants' notice of removal, filed on November 2, 2007, comes a week late.

### III.  CONCLUSION

Accordingly, Plaintiff's Opposed Motion to Remand [**Docket # 20**] is GRANTED and this case is REMANDED to the Larimer County District Court from whence it came..


Dated: December   27  , 2007.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge